UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

HENRY MANCINI,

        Plaintiff,

  - versus -

COMMISSIONER DORA SCHIRO,
WARDEN ROSE ARGO, OFFICER JOHN
DOE,

        Defendants.

ORDER

14-cv-767

JOHN GLEESON, United States District Judge:

  Henry Mancini, currently incarcerated at the Anna M. Kross Center at Rikers Island, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983.  I grant Mancini's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915; however, for the reasons set forth below, the action is dismissed pursuant to 28 U.S.C. § 1915A.

BACKGROUND

  Mancini complains that on September 25, 2013, and December 4, 2013, he was forced to pass through a SecurPASS full-body scanning machine that is used to detect contraband and weapons hidden on or in a person's body.  Compl., ECF No. 1, at 4.  He argues that this machine causes "a very high possibility of cont[r]acting cancer as well as many other ailments for just the brief time going through the machine."  *Id.*  Mancini states that on both occasions he was threatened with reprisals if he did not pass through the scanner.  *Id.*  Mancini alleges that he is suffering from an "intense mental reaction" from these incidents and he seeks $100,000,000 in damages.  *Id.* at 5.

STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; I am required to read the Mancini's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *accord Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (noting that pleadings of *pro se* litigants are accorded "special solicitude"). At the pleadings stage of the proceeding, I assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint, *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)), but the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally.").

Under 28 U.S.C. § 1915A, I must dismiss a prisoner's complaint *sua sponte* if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that *sua sponte* dismissal of prisoner complaints for the reasons listed above is mandatory); *see also* 28 U.S.C. § 1915(e)(2)(B) (A district court shall dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

DISCUSSION

"In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). The

minimum standing requirement under the Constitution derives from Article III, Section 2, "which limits federal judicial power to 'cases' and 'controversies.'" *Natural Res. Def. Council, Inc. v. U.S. Food and Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (quoting U.S. Const. art. III, § 2); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

> To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an injury in fact, (b) that injury must be fairly traceable to the challenged action, and (c) the injury must be likely to be redressed by a favorable decision of the federal court.

*Natural Res. Def. Council, Inc.*, 710 F.3d at 79 (quotation marks omitted).

Here, there is no case or controversy at issue: Mancini has not suffered an injury in fact but only the speculative alleged possibility of contracting cancer. *See id.*; *see also*, *e.g.*, *Blasingame v. Sisto*, No.10-cv-0514, 2011 WL 4344122, at *3 (E.D. Cal. Sept. 14, 2011) (dismissing claims asserted by prisoners for future suffering or costs of medical care arising from tuberculosis treatment as "too speculative to adjudicate"). Furthermore, 42 U.S.C. § 1997e bars civil actions brought by prisoners "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The complaint here does not allege any physical injury or sexual act. For these reasons, Mancini's complaint is dismissed pursuant to 28 U.S.C. § 1915A.

## CONCLUSION

For the reasons stated above, the complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: February 25, 2014
       Brooklyn, New York